# UNITED STATES DISTRICT COURT SCAN INDEX SHEET



LINEUP

TLW

3

96721

CV

1

CMP.

GRUDEK

BEL AIR PATROL



1
2
3
4

DANIEL CALLAWAY
550 W. Vista Way #205
Vista, CA 92083
619-758-2410
#133237

Attorney for Plaintiff

5

6

UNITED STATES DISTRICT COURT

7

SOUTHERN DISTRICT OF CALIFORNIA

8

9

10

11

12

13

14

15

16

17

Scott Grudek,                )    Civil No.  '96-721 BTM POR
                             )
            Plaintiff,       )    COMPLAINT FOR DAMAGES
                             )
vs.                          )    (Civil Rights, Conspiracy to
                             )    Violate Civil Rights, Monell
Bel Air Patrol, City of Oceanside )  Liability, False Arrest, False
(Police Department), Bruce Dunne ) Imprisonment, Intentional
(Chief of Oceanside Police ) Infliction of Emotional
Departmen)t, James Campaign (Bel ) Distress, Malicious
Air Patrol), Eric Anderson, John ) Prosecution)
Gisbert, Tom Morgans and Does 1 )
through 20 inclusive,        )
                             )
            Defendants       )    DEMAND FOR JURY TRIAL

18

19

## JURISDICTION AND VENUE

20

21

22

23

24

1.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights).   Venue lies in the Southern District of California, the judicial district in which the claim arose, pursuant to 28 U.S.C. § 1391(b).

25

### PARTIES

26

27

2.    Plaintiff Scott Grudek is an American citizen who resides in the State of California, county of San Diego.

3.    Plaintiff is informed and believes and based thereon



-1-

1    alleges that defendant CITY OF OCEANSIDE is a municipal corporation

2    duly organized and existing under the laws of the State of

3    California.  Plaintiff is informed and believes and based thereon

4    alleges that defendant CITY OF OCEANSIDE is liable under <u>Cal. Gov't.</u>

5    <u>Code</u> § 815.2(a) for any and all wrongful acts committed by its agents

6    and employees within the scope of their agency and employment.

7         4.  Plaintiff is informed and believes and based thereon

8    alleges that at all times relevant hereto defendant Eric Anderson was

9    a duly appointed, qualified and acting police officer or investigator

10   employed as such by the Oceanside Police Department authorized to

11   perform duties under the color of state law.  Plaintiff alleges that

12   defendant Anderson was aware at all times that the prosecution of

13   plaintiff was false, malicious and illegal but, despite this

14   knowledge, defendant Anderson wilfully participated in the conspiracy

15   to violate plaintiff's right to equal protection and due process by,

16   inter alia, offering perjured testimony at trial and intentionally

17   preventing the jury from hearing the truth so that plaintiff would be

18   falsely convicted.

19        5.  Plaintiff is informed and believes and based thereon

20   alleges that at all times relevant hereto defendants  John Gisbert

21   and Tom Morgans were duly appointed, qualified and acting police

22   officers or investigators employed as such by the Oceanside Police

23   Department authorized to perform duties under the color of state law.

24   Plaintiff alleges that defendants Gisbert and Morgans were aware at

25   all times that the prosecution of plaintiff was false, malicious and

26   illegal but, despite this knowledge, defendants Gisbert and Morgans

27   wilfully participated in the conspiracy to violate of plaintiff's

28   right to equal protection and due process by, inter alia, offering

-2-

1   perjured testimony at trial and intentionally preventing the jury

2   from hearing the truth so that plaintiff would be falsely convicted.

3        6.   Plaintiff is informed and believes and based thereon

4   alleges that Bel Air Patrol is a business entity, at all times

5   registered and licensed to conduct business, and conducting business,

6   in the state of California, city of Oceanside and vicariously liable

7   for the actions of their employees pursuant to the doctrine of

8   respondeat superior.

9        7.   Plaintiff is informed and believes and based thereon

10  alleges that at all times relevant to this action defendant James

11  Campaign was the head employee for the Oceanside office of Bel Air

12  Patrol, acting in a supervisory capacity and whose actions taken with

13  full and binding legal authority upon Bel Air Patrol.

14       8.   Plaintiff is informed and believes and based thereon

15  alleges that the defendants, including but limited to, Anderson,

16  Gisbert, Morgans and Campaign, together with other federal and state

17  officials conspired together in concert while acting under the color

18  of state law, in a plan to falsely arrest and imprison plaintiff,

19  wrongfully classify plaintiff as a criminal, wrongfully convict

20  plaintiff for crimes that he did not commit and intentionally and

21  recklessly cause plaintiff to suffer unreasonable mental duress all

22  in an attempt to cover up defendants' illegal arrest and beating of

23  plaintiff.   All acts or omissions alleged to have been engaged in by

24  any defendant are alleged to have been engaged in with malice and

25  evil motive and in reckless and wanton disregard of plaintiff's

26  rights.    Plaintiff is informed and believes and based thereon

27  alleges that all defendants were aware at all times that the state

28  criminal proceedings instituted against plaintiff were instituted

-3-

against plaintiff because the defendants needed to justify their illegal arrest and beating of plaintiff. All defendants were aware at all times that a police officer who arrests and\or beats a civilian must have legal justification to do so. All defendants were aware at all times that the arrest, beating and prosecution of plaintiff by the defendants was unprovoked, unjustified and outside the scope of the defendants' legal authority. All defendants were aware at all times that the state criminal proceedings instituted against plaintiff were absolutely false and untrue and were maliciously instituted by defendants because the defendants had to manufacture justification for their illegal actions taken against plaintiff.

9. Plaintiff is informed and believes and based thereon alleges that at all times relevant hereto, defendants DOES 1-20 were acting in their capacities as police officers, assisting the named defendants in the below-described conspiracy and violation of plaintiff's rights. Plaintiff is presently unaware of the true identities of DOES 1-20 and hereby sues them as unknown defendants, reserving the right to request leave of court to amend this complaint and sue them under their true names and identities when such are determined.

10. Plaintiff is informed and believes and based thereon alleges that at all times relevant hereto all defendants were acting in such capacity as the agents servants and employees of their respective law enforcement agencies as described above, as well as in their individual capacities. All defendants were aware at all times of the illegal acts and omissions of the other defendants and were capable of stopping, and under a duty to stop, the other defendants

1    from violating the rights of plaintiff.  Though aware of the illegal

2    acts and capable of stopping them, defendants participated in the

3    illegal and malicious prosecution in violation of plaintiff's rights.

4        11.   Defendants CITY OF OCEANSIDE and Bruce Dunne are alleged to

5    have maintained or permitted an official policy or custom of

6    permitting the occurrence of the types of wrongs set forth

7    hereinbelow knowingly, with gross negligence, or with deliberate

8    indifference and, based on the principles set forth in Monell v. New

9    York City Department of Social Services, 436 U.S. 658 (1978), and

10   Heller v. Bushey, 759 F.2d 1371 (9th Cir. 1985), are liable for all

11   injuries sustained by plaintiff.

12                  FACTS COMMON TO ALL CAUSES OF ACTION

13       12.   The acts, omissions and events upon which this complaint is

14   based occurred between March 3, 1994, at approximately 2:30 a.m.,

15   when plaintiff was falsely arrested by Oceanside police officers

16   Morgans, Gisbert, and E. Anderson, despite the fact that plaintiff

17   had done absolutely nothing illegal and the police officers knew that

18   when they falsely arrested and beat plaintiff, and March 26, 1996,

19   when the criminal proceedings against plaintiff were dismissed.

20       13.   On March 3, 1994 agents of the Bel Air Patrol in Oceanside

21   knowingly and wilfully provided false information to the Oceanside

22   Police Department that the car in which plaintiff was driving was

23   involved in a threat against a Bel Air Patrol security officer in the

24   parking lot of the La Hacienda Nightclub in Oceanside.

25       14.   The agents of Bel Air Patrol were aware that the police

26   intended to stop the vehicle in which plaintiff rode while under the

27   mistaken belief that the occupants of the car had threatened the

28   lives of a Bel Air Security guard.  The agents of Bel Air Patrol did

                              - 5 -

prosecution perpetrated by defendants.

19.   On February 16, 1996 the appellate department of the San Diego Superior Court unanimously ruled that the arrest of Mr. Grudek was illegal and without probable cause.   On March 25, 1996 all criminal charges against Mr. Grudek were dismissed.   Defendants knew that the false criminal proceedings instituted against plaintiff were instituted as a result of defendants' desire to justify their illegal arrest and beating plaintiff.

FIRST CAUSE OF ACTION FOR CONSPIRACY TO VIOLATE CIVIL RIGHTS

(42 U.S.C. §§ 1983, 1985 right to equal protection, due process,

false arrest, imprisonment, malicious prosecution against

all defendants)

20.   Plaintiff herein restates and realleges as though fully set forth herein paragraphs  1 through 19 above.

21.   Defendants, and each of them, acted in concert to falsely arrest, imprison and unjustly, maliciously and illegally prosecute plaintiff of a crime, which at all times all defendants knew plaintiff was absolutely factually innocent of.

22.   Defendants, and each of them, acted in concert to falsely arrest, imprison and unjustly prosecute plaintiff of a crime to cover up the illegal arrest and beating of plaintiff by defendants.

23.   The specific acts perpetrated by the defendants and known by plaintiff at this time, prior to discovery taking place in this action, include, but are not limited to:

(a)   Arresting and beating plaintiff despite the fact that they knew he had done nothing illegal and despite the fact that the arresting officers knew that the arrest and beating of plaintiff was illegal and not supported by

-7-

1 OCEANSIDE any supervisorial individual defendant who had the power to

2 but who did not prevent the violations  are liable to each plaintiff

3 pursuant to 42 U.S.C. § 1986.  Defendant CITY OF OCEANSIDE and any

4 individual supervisorial defendant is liable to each plaintiff for

5 all wrongs alleged in this Complaint under the Monell and Heller

6 cases, supra

7 .           SECOND CAUSE OF ACTION - VIOLATION OF CIVIL RIGHTS

8            AGAINST ALL DEFENDANTS ACTING UNDER COLOR OF LAW

9    (42. U.S.C. §§ 1983 and 1985, violation right to equal protection,

10 right to be free from unwarranted government intrusion, due process

11    27.  Plaintiff herein restates and realleges as though fully set

12 forth herein paragraphs  1 through 26 above.

13    28.  Each of the individual defendants who acted under color of

14 state law, Anderson, Gisbert, individually deprived plaintiff of his

15 right to equal protection, the right to be free from unwarranted

16 government intrusion, the right due process and the right to a fair

17 trial under 42 U.S.C. §§ 1983 and 1985 based on the facts set forth

18 in paragraphs 1 through 27 and incorporated by reference and set

19 forth herein and are therefore liable on an individual basis.

20                    THIRD CAUSE OF ACTION

21              1983 Monell Custom, policy or practice

22              (Defendants City of Oceanside)

23    29.  Plaintiff hereby incorporates by reference paragraphs 1

24 through 28 as though fully set forth herein and alleges:

25    30.  Plaintiff is informed and believes and thereupon alleges

26 that the City of Oceanside and Bruce Dunne maintain a custom,

27 policy or practice of lack of training and supervision, including

28 lack of disciplining for acts of wrongdoing, allowing Sheriffs'

1   deputies and police officers to inflict physical and other abuse on

2   arrestees, including the denial of sleep, medication, and adequate

3   legal representation, as well as to file false police reports and

4   provide false testimony, all without discipline and\or supervision.

5      31.  Plaintiff is informed and believes that the City of

6   Oceanside and its police department has consistently tolerated or

7   encouraged brutality, illegal harassment filling of false police

8   reports, false criminal charges and improper medical treatment to

9   inmates and arrestees, and that the City of Oceanside has done

10  little or nothing to correct these abuses, in spite of the fact

11  that the City and County have been given notice repeatedly by Grand

12  Juries, complaints, lawsuits, settlements, and other means.  The

13  injuries complained of herein are the proximate result of said

14  custom, practice or policy.

15              FOURTH CAUSE OF ACTION\STATE MALICIOUS PROSECUTION

16              (against defendants Bel Air Patrol and Lt. Campaign

17                        and Does 1 through 20)

18     31.  Plaintiff hereby incorporates by reference paragraphs 1

19  through 30 as though fully set forth herein and alleges:

20     32.  At all times relevant hereto, defendants Bel Air Patrol

21  and James Campaign were aware of the factual innocence of plaintiff

22  to the criminal charges filed against him, were aware that

23  plaintiff was pursued as a suspect by Oceanside Police Department

24  only because the agents of Bel Air Patrol had illegally and

25  maliciously lied to the police and informed them that plaintiff was

26  involved in threats against a security officer when the agents of

27  Bel Air Patrol knew that plaintiff had not been involved in any

28  threats and were aware that they were under an obligation to obey

1     valid court orders and not obstruct justice and\or otherwise

2     participate in the malicious prosecution of plaintiff.

3         33.  Despite the knowledge of defendants of the facts set

4     forth in paragraph 31 herein, and despite the ability of defendants

5     to tell the truth and to properly comply with valid court orders

6     and not hide and\or destroy exculpatory evidence, defendants

7     Campaign and Bel Air Patrol illegally and maliciously lied to the

8     police so that plaintiff would be stopped and subjected to

9     treatment as if he were a criminal, willfully, maliciously and

10     illegally hid material exculpatory evidence from plaintiff and

11     willfully and illegally assisted in the false and malicious

12     prosecution of plaintiff for a crime which at all times the

13     defendants were aware that plaintiff did not commit.

14         34.  The actions taken by defendants were the legal and

15     proximate cause of the injuries to plaintiff as described below.

16         FIFTH CAUSE OF ACTION\STATE INTENTIONAL INFLICTION

17               OF EMOTIONAL DISTRESS

18         (against defendants Bel Air Patrol and Lt. Campaign)

19         35.  Plaintiff hereby incorporates by reference paragraphs 1

20     through 34 as though fully set forth herein and alleges:

21         36.  Defendants were at all times aware that the actions taken

22     by them would inflict severe emotional distress and mental anguish

23     upon plaintiff by forcing him to be subject to false arrest, false

24     imprisonment, an illegal beating, a false and malicious criminal

25     prosecution and an illegal, false, and unjustified criminal

26     conviction.

27         37.  Despite the knowledge of defendants that their actions

28     would cause plaintiff severe emotional distress, defendants

1   wilfully, maliciously and wantonly proceeded with the false,

2   illegal and malicious prosecution, conspired to obstruct justice

3   and hide exculpatory evidence, legally and proximately causing

4   plaintiff severe emotional distress.

5                              DAMAGES

6       38.   By reason of the aforedescribed acts and omissions of

7    defendants, and each of them, plaintiff suffered great physical

8   and mental pain and anguish, shock to his nervous system,  torment,

9   anxiety, aggravation, humiliation, fear, degradation,  and

10  intentional infliction of emotional distress, all of which has

11  resulted in some permanent  disability and injury, all to his

12  damage in excess of  $500,000.

13      39. Further, the unreasonable rejection of plaintiff's claim

14  filed under California Government Code 910 proximately  caused

15  plaintiff to incur expenses and attorney's fees in order  to

16  vindicate his rights, for which expenses and attorney's fees he is

17  entitled to reimbursement.

18      40.   The aforesaid acts and omission of the defendants were

19  done by each said defendant knowingly, intentionally, maliciously

20  and recklessly,  and for the purpose of vexing, harassing,

21  annoying and injuring plaintiff; to deprive him of rights

22  guaranteed to him by the United States and California  Constitution

23  and laws, particularly 42 U.S.C. Sections 1983 and  1985, as  above

24  alleged.

25      Defendants illegally and maliciously arrested and imprisoned

26  plaintiff.  Defendants illegally and maliciously prosecuted

27  plaintiff for a crime which they were fully aware was not committed

28  by plaintiff.  Defendants fabricated evidence to illegally convict

1   plaintiff.  Defendants offered false and perjured testimony in

2   their attempt to falsely convict plaintiff.  Defendants hid

3   evidence from plaintiff and tampered with\coerced witnesses in

4   their attempt to illegally convict plaintiff.   Defendants

5   knowingly and maliciously made false statements about plaintiff to

6   cover-up their illegal arrest and beating and to avoid prosecution

7   for their illegal actions.

8        By reason of this, plaintiff claims exemplary and  punitive

9   damages from each said defendant, in the  amount of $500,000.00 and

10  claims reasonable attorney's fees in connection  therewith.

11       WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AS FOLLOWS:

12       1.  General damages in excess of $500,000.00.

13       2.  Medical and incidental expenses as proved.

14       3.  Punitive and exemplary  damages in the sum of

15  $1,000,000.00 against all defendants.

16       4. Costs of this litigation and attorneys fees under 42

17   U.S.C. Sections 1983 and 1988 and California Civil Code Sections

18  51.7. and 52; and

19       5. Such other and further relief as the Court may deem just

20  and proper.

21  Date:  4/24/96

22                                   DANIEL CALLAWAY
                                     attorney for plaintiff

23

24

25

26

27

28

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

SCOTT GRUDSK

## DEFENDANTS

CITY OF OCEANSIDS, BRUCE DUNN, ERIC ANDERSON, J. GISBERT, T. MORGANS, BEL AIR PATROL, J. CAMPAIGN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

D. CALLAWAY
550 W. VISTA WAY #205
VISTA, CA 92083
619-758-2410

ATTORNEYS (IF KNOWN)

'96 - 721 BTM POR

## II. BASIS OF JURISDICTION  (PLACE AN × IN BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES  (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION  (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C §§ 1983 ; 1985  ILLEGAL ARREST, FALSE IMPRISONMENT, FALSE & MALICIOUS CRIMINAL PROSECUTION

## V. NATURE OF SUIT  (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 630 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☒ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN  (PLACE AN × IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $  $500,000.00

Check YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY  (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  4/24/96

SIGNATURE OF ATTORNEY OF RECORD

AO 440 (Rev 5/85) Summons in a Civil Action

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

SCOTT GRUOSIK

PLAINTIFF

vs

CITY OF OCEANSIDE,
BRUCE DUNNS, E. ANDERSON,
J. GISBERT, T. MORGANS,
BEL AIR PATROL, J. CAMPAIGN

DEFENDANTS

**SUMMONS IN A CIVIL ACTION**

Case No.    '96 - 7 21 BTM POR

TO: (Name and Address of Defendant)


YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon PLAINTIFF'S ATTORNEY


An answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.


| Roberta Westdal | |
| --- | --- |
| CLERK | DATE |

SEAL
KEVIN BOND

BY DEPUTY CLERK

AO 440 (Rev 5/85) Summons in a Civil Action

USDC SCAN INDEX SHEET



LINEUP

DB

3

96252

CV

6

CONSMAGTRL.

ATTINGER

CRITTENDEN COMM INC

AO 85 (Rev. 10/93) Consent to Exercise of Jurisdiction

**FILED**

APR 25 1996

## UNITED STATES DISTRICT COURT

_Southern_ District of _California_

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

_Attinger_

Plaintiff

**v.**

_Crittenden, et al._

Defendant

CONSENT TO EXERCISE OF JURISDICTION
BY A UNITED STATES MAGISTRATE JUDGE
AND ORDER OF REFERENCE

Case Number: _96-0252-S_

_To Decide Motion To Stay Proceedings_

## CONSENT TO EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment.

| Signatures | Date |
|---|---|
| | 4/24/96 |
| | 4/24/96 |
| | |
| | 4/24/96 |

Unless otherwise indicated below, any appeal shall be taken to the United States court of appeals for this circuit, in accordance with 28 U.S.C. 636(c) and Fed.R.Civ.P. 73(c).

## ELECTION OF APPEAL TO A UNITED STATES DISTRICT JUDGE

(DO NOT EXECUTE THIS PORTION OF THE FORM IF THE PARTIES DESIRE THAT THE APPEAL
LIE DIRECTLY TO THE COURT OF APPEALS.)

The parties in this case further consent, by signing below, to take any appeal to a United States district judge, in accordance with 28 U.S.C. 636(c)(4) and Fed.R.Civ.P. 73(d).

## ORDER OF REFERENCE

IT IS HEREBY ORDERED that this case be referred to the Honorable _ROGER CURTIS MCKEE_
United States Magistrate Judge, for all further proceedings and the entry of judgment in accordance with 28 U.S.C. 636(c), Fed.R.Civ.P. 73 and the foregoing consent of the parties.

_APRIL 24, 1996._
Date

_____
United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED
ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

# United States District Court
## Southern District Of California
### Office Of The Clerk
### 880 Front Street
### Room 4290
### San Diego, California 92101-8900

Roberta Westdal
Clerk Of The Court

Phone:
(619) 557-5600
Fax: 557-6684

April 25, 1996

Stephen P. McDonald
McDonald and Allen
550 West C St., Ste 2050
San Diego, CA 92101

Jeffrey Barrett Landa
Law Offices of Jeffrey B. Landa
429 S. Sierra Ave., Ste 134
Solana Beach, CA 92075

RE: Attinger v. Crittenden / 96-252 S(CM)

You are hereby notified that on 4/25/96 the above case was:

    __X__    Transferred from the calendar of United States District Judge Edward J. Schwartz
to the calendar of United States District Magistrate Judge Roger C. McKee

The case number will now contain the initial of the transferee Judge; on all future filings please show the case number as **96-252 CM.**

NOTE:    If this case was transferred pursuant to the Low Number Rule, the related cases have been assigned to the same Judge but they are NOT CONSOLIDATED at this point; all pleadings must still be filed separately in each case.

ROBERTA WESTDAL, CLERK

By: _____

D. Barker, Deputy Clerk

cc: Clerk
    Appropriate Courtroom Clerk
    Index